LANCELOT AFATO FAIIVAE,
FOR HIMSELF AND FOR THE SALA FAIIVAE FAMILY
OF LEONE, AMERICAN SAMOA,
Plaintiffs

v.

AUMAVAE TUSI, AULAUMEA SEUGA,
TAELEIFI TOGAMAU, VAOVAI TOTI,
ALL OF LEONE, AMERICAN SAMOA,
Defendants

No. 1285-1972

High Court of American Samoa

Civil Jurisdiction, Land and Titles Division

[Land: "Leu" in Leone]

December 23, 1975

---

This action was filed on August 1, 1972, with petition for
a temporary injunction and a motion for a permanent
injunction. An Order to Show Cause was issued on August
29, 1972, setting the date for hearing on September 6, 1972.
No action appears to have been taken. The next action was
on July 11, 1975, for a trial to be held August 27, 1975.
Again, no action was taken. On September 5, 1975, trial
was set for October 1, 1975. Again, it appears no action was
taken, but a request for further consideration of the matter
by the family was granted. On November 14, 1975, a Pre-
liminary Injunction was issued and a Show Cause Order
why it should not be made permanent was set for Novem-
ber 24, 1975. This is a tortuous route for any case to follow.

At the outset of this hearing all of the defendants except
Aumavae Tusi were dismissed from the case, and any
claims by the defendants based on a Separation Agree-
ment were withdrawn.

The plaintiffs base their claim of ownership of the land in
dispute as indicated in plaintiffs' exhibit "B" and more

179

particularly in defendants' exhibit "A", and described as follows:

All that land lying in the land square 33 United A, situated in the Village of Leone, Western District, County Lealataua, called Leu, claimed by Aumavae Tusi, for the Aumavae Family, more particularly described as follows:

Beginning at a point which has coordinate X=223, 627.48; and Y=282, 379.73; referred to American Samoa Datum of 1962; thence north 39 degrees 45'50" east, 215.20 feet to an iron pin; thence north 10 degrees 37'07" east, 247.32 feet to a bolt in the center of the intermittent stream; thence along the center of said stream south 79 degrees 06'17" east, 64.32 feet to a bolt; thence along the stream north 77 degrees 59'29" east, 46.45 feet to a bolt in the center of said stream; thence south 83 degrees 13'06" east, 70.16 feet to an iron pin; thence away from the stream south 31 degrees 12'40" west, 328.09 feet to an iron pin; thence south 16 degrees 31'21" east, 210.40 feet to an iron pin; thence south 30 degrees 41'00" west, 74.41 feet to an iron pin; thence north 45 degrees 27'52" west, 355.71 feet to a point of beginning. Containing RPLS2-5-8-75, attached hereto and made a part hereof.

is based on the deed to the ancestor of plaintiffs issued on July 5, 1913. They further base their claim on a case involving a portion of the land described in the deed which is entitled No. 11-1958. The defendants' position is based on adverse possession for a period of more than 20 years.

The case No. 11-1958 dealt with a small portion of the total land known as Leu and that was the only question before the Court. It is true that in that decision Judge Morrow did observe that the balance of the property was clearly the property of the descendants of Sala, ancestor of plaintiffs. This observation was clearly dicta, as that portion was not before the Court. This Court treats it for what it is—dicta, and gives it no value in determining the question before this Court.

On the question of adverse possession asserted by the defendants, it is interesting to note that the plaintiff alleged

in his Affidavit for a Temporary Restraining Order filed on August 1, 1972, that:

That I know of my own knowledge the defendants above mentioned have knowingly, wrongfully, unlawfully, haughtily, heedlessly and continuously trespassed, occupied, cultivated and used our land, Leu, above mentioned.

The question then as to whether defendants were ever on the land openly and adverse seems to have been answered by the plaintiff himself for he signed the Affidavit. In view of this affidavit by the plaintiff, it is curious that at the hearing of this matter testimony of the plaintiffs' witnesses were all to the effect that defendants had never been on the property. The question remaining, therefore, is for what period of time did the defendants occupy the land.

From the evidence submitted, the Court finds that clearly the defendants have occupied the land with all of the necessary attributes of adverse possession for more than 20 years.

The Motion for Permanent Injunction is denied. The Preliminary Injunction issued on November 14, 1975, is dissolved and held for naught.